Nott, J.
It might perhaps have been made a question whether the plaintiff had acquired such a right to the corn that he could have demanded a specific delivery of it, *487 or whether it still remained- a part of the estate of Thomson, thereby making the plaintiff a creditor for the hundred dollars.
Ervin, for the motion.
Evans, contra.
But the defendant has raised no such question and we do not know, therefore, what the evidence on that point would have been. The defendant admitted that the plaintiff was entitled to recover the corn. He agreed to take it from him and to pay him a hundred dollars. It was not an agreement to pay the debt of the intestate out of his own estate but to pay a debt of his own for a valuable consideration moving immediately from the plaintiff to himself. It does not even appear that the corn was received for the benefit of the estate. I should conclude from the terms of the report that it was for his own individual use. It is however not material, the contract was his own and in his own right. It is not a caso therefore within the statute of frauds.
The motion is refused.